IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EARL EDMONDS**                                                                                       **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 2:11-CV-102-KS-MTP**

**THE CITY OF HATTIESBURG, et al.**                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants** Defendants' Motion for Summary Judgment [36] as to Plaintiff's Section 1983 and Title VII claims, and the Court **denies** Plaintiff's Motion to Amend [42] the Complaint. The Court also **denies** Defendant's Motion to Strike [47] Plaintiff's affidavit as moot.

**I. BACKGROUND**

This is an employment discrimination case. Plaintiff alleges that he was discharged because of unlawful racial discrimination. He asserted claims under 42 U.S.C. § 1983, Title VII, and the Family and Medical Leave Act ("FMLA"). The Court now considers Defendants' Motion for Summary Judgment [36].

**II. STANDARD OF REVIEW**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must

merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

#### A.   *Hattiesburg Fire Department*

Plaintiff concedes that his claims against the Hattiesburg Fire Department should be dismissed. Therefore, the Court grants Defendants' motion for summary judgment as to Plaintiff's claims against the Hattiesburg Fire Department.

#### B.   *Section 1983*

"[M]unicipal liability under section 1983 requires proof of three elements: a

policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)). Defendant argues that Plaintiff has no evidence of a municipal policy or custom which was the moving force behind the alleged violation of 42 U.S.C. § 1983. Indeed, Defendant presented evidence that the City observes an "Equal Opportunity Policy" which provides that "[n]o employee shall be discriminated against because of race, color, religion, national origin, sex, age, disability or veteran status." In response, Plaintiff merely argues that discrimination occurred, regardless of the City's policy.

Plaintiff has not presented any evidence that a municipal custom or policy was the moving force behind the alleged discriminatory actions. Therefore, Plaintiff's claim against the city for allegedly violating 42 U.S.C. § 1983 must be dismissed. The Court grants Defendant's motion for summary judgment as to Plaintiff's Section 1983 claim.

C.  *Title VII*

Plaintiff alleged a single adverse employment action: that he was discharged from his position because of racial discrimination. Defendant argues that Plaintiff was not discharged, but, rather, that he resigned. Indeed, Plaintiff submitted a resignation letter [36-4] on November 11, 2011. Therein, he stated: "Because of my current health condition I hereby resign my position with the Hattiesburg Fire Department." Plaintiff also admitted during discovery [36-5] that he resigned his position because of his health, that he applied for non-duty related disability benefits from the Public

3

Employees Retirement System of Mississippi ("PERS"), and that his application for disability benefits was approved. Plaintiff stated in his PERS application [36-6] that he was no longer working "because [his] health started failing." Therefore, it appears to be undisputed that Plaintiff voluntarily resigned from his position because of his health.

To make out a prima facie case of discrimination under Title VII, a plaintiff must demonstrate that he "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Voluntary resignation is not an adverse employment action. *Handy v. Brownlee*, 118 F. App'x 850, 855 (5th Cir. 2004). Furthermore, Plaintiff has not presented any evidence that he was treated less favorably than similarly situated employees outside of his protected group, or that his resignation was caused by anything other than his failing health. Therefore, the Court grants Defendant's motion for summary judgment as to Plaintiff's Title VII claim.

### D.   *Constructive Discharge*

Plaintiff filed an affidavit in response to Defendant's rebuttal. He stated that he was not disabled at the time Defendant discriminated against him, but that he became disabled because of the stress placed on him by Defendant. If Plaintiff intends to argue that he was constructively discharged, the argument is unavailing for several reasons.

4

First, Plaintiff did not seek leave to file a sur-rebuttal. Therefore, the Court is not obligated to consider the affidavit under either the Federal Rules of Civil Procedure or the Local Uniform Civil Rules. *See* FED. R. CIV. P. 56; L.U.Civ.R. 7; *Nelson v. Mississippi*, 2011 U.S. Dist. LEXIS 122450, at *3 (S.D. Miss. Oct. 21, 2011).

Second, Plaintiff failed to plead a theory of constructive discharge in his Complaint. The facts alleged in the Complaint do not even suggest that he was constructively discharged. Therefore, no such claim is properly before the Court. *See Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (where plaintiff asserted a claim for the first time in a response to a motion for summary judgment, it was not properly before the court); *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 492 (5th Cir. 2010) ("[A] plaintiff may not rely on new claims raised for the first time in a response – let alone a sur-reply – to a motion for summary judgment.").

Finally, "[t]o succeed on a constructive discharge claim, [a plaintiff] is required to show working conditions . . . so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Nassar v. Univ. of Tex. Southwestern Med. Ctr.*, 674 F.3d 448, 453 (5th Cir. 2012). A plaintiff advancing a constructive discharge claim must "prove the existence of an aggravating factor," such as:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibility; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status."

*Id.* Plaintiff has not produced any evidence of an "aggravating factor" like those listed above, and Defendant produced undisputed evidence that Plaintiff resigned from his position because of his health. Therefore, even if the Court did consider Plaintiff's affidavit, it is not sufficient to create a genuine dispute of material fact with respect to a constructive discharge claim.

### E.  *Amendment of Complaint*

Finally, Plaintiff seeks leave to amend his complaint to change the dates upon which the alleged discriminatory action took place. Altering the dates alleged in the complaint would have no effect on the outcome of the issues discussed above. Therefore, amendment would be futile, and the Court denies Plaintiff's motion to amend the complaint. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (futility is a valid reason to deny leave to amend complaint); *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012).

### F.  **FMLA**

Defendant did not address Plaintiff's FMLA claim in its initial brief, and the Court does not consider arguments raised for the first time in a reply brief. *Baisden v. I'm Ready Prods.*, 693 F.3d 491, 501 (5th Cir. 2012). Furthermore, the parties' briefing on the FMLA claim is inadequate, and the Court declines to guess as to the nature of Plaintiff's FMLA claim.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendants' Motion for Summary Judgment [36] as to Plaintiff's Section 1983 and Title VII claims, and the

Court **denies** Plaintiff's Motion to Amend [42] the Complaint. The Court also **denies** Defendant's Motion to Strike [47] Plaintiff's affidavit as moot.

    SO ORDERED AND ADJUDGED this 27th day of November, 2012.

                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE