IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EARL EDMONDS**                                                                        **PLAINTIFF**
v.                                                 **CIVIL ACTION NO. 2:11-CV-102-KS-MTP**
**THE CITY OF HATTIESBURG, et al.**                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

For the reasons stated below, the Court **grants** Defendants' Motion for Summary Judgment [51] as to Plaintiff's remaining FMLA claim.

*A.   Background*

As noted in the Court's previous opinion, this is an employment discrimination case. *Edmonds v. City of Hattiesburg*, 2012 U.S. Dist. LEXIS 167888, at *1 (S.D. Miss. Nov. 27, 2012). The Court granted Defendant's previous Motion for Summary Judgment [36] as to Plaintiff's Section 1983 and Title VII claims. *Id.* at *8. Defendant then filed another motion, seeking summary judgment as to Plaintiff's FMLA claim. Plaintiff failed to provide any meaningful response to the motion.[1] Accordingly, it is ripe for review.

*B.   Plaintiff's Failure to Clarify FMLA Claims*

In his Complaint, Plaintiff merely alleged that Defendant violated the rights provided to him by the Family and Medical Leave Act. He failed to allege how

---

[1] Despite being granted two extensions of time to respond, Plaintiff filed an untimely response to Defendant's motion on February 12, 2012. The "response" consisted of flat admissions and denials of the numbered paragraphs of Defendant's motion for summary judgment, unadorned by substantive argument or legal authority.

Defendant violated his rights, and despite being given ample opportunity to respond to Defendant's motion and clarify the claim, Plaintiff failed to do so. It is not the Court's "duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Furthermore, the Court need not guess as to a party's potential arguments in opposition to summary judgment. *Criner v. Texas – New Mexico Power Co.*, 470 F. App'x 364, 370 (5th Cir. 2012). "Instead, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Williams v. Valenti*, 432 F. App'x 298, 302-03 (5th Cir. 2011). Nonetheless, the Court may not grant summary judgment solely on the basis of a party's failure to respond. *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985).

Defendant hypothesizes that Plaintiff either claims that he was denied FMLA leave, or that he was not restored to his position at the expiration of his FMLA leave. Plaintiff did not contest this characterization of his claims. Therefore, the Court will assume that Plaintiff intended to plead two FMLA claims: one premised upon the denial of FMLA leave, and another premised upon the failure to restore him to his position after returning from FMLA leave.

### C.    *Denial of FMLA Leave*

As for the first potential claim – that Defendant denied Plaintiff's FMLA leave – Defendant produced an affidavit from Gena Hopkins, its human resources manager, in which she testified that Plaintiff was granted FMLA leave beginning in April 2010,

and that Plaintiff exhausted his twelve weeks of FMLA leave. *See* 29 U.S.C. § 2612(a)(1) (eligible employee entitled to twelve weeks of leave in a year). Plaintiff failed to offer any evidence to dispute this affidavit. Therefore, to the extent Plaintiff claims that he was denied FMLA leave, the Court grants Defendant's motion for summary judgment as to that claim.

D.     *Restoration to Prior Position*

With respect to Plaintiff's second potential FMLA claim – that Defendant failed to restore Plaintiff to his prior position when he returned from FMLA leave – Defendant produced undisputed evidence that Plaintiff never returned from leave because of his failing health, and that he was medically unable to perform the duties of his previous position.

As noted in the Court's previous opinion, Plaintiff voluntarily resigned from his position because of his health. *Edmonds*, 2012 U.S. Dist. LEXIS 167888 at *5. In her affidavit [51-1], Hopkins stated that Plaintiff's doctors advised that he was unable to work – even after he had exhausted his twelve weeks of FMLA leave. Accordingly, he submitted a resignation letter [36-4] which contained the following statement: "Because of my current health condition I hereby resign my position with the Hattiesburg Fire Department." Plaintiff also admitted during discovery [36-5] that he resigned his position because of his health, and he represented in an application for disability benefits [36-6] that he was no longer working "because [his] health started failing." Hopkins stated that Plaintiff would have been restored to his prior position if he had been medically cleared to do so. However, he resigned, and Defendant never

3

had the opportunity to restore him to his prior position.

"The purpose of the FMLA is to allow an employee to be away from the job, as opposed to using the statute as a means to force an employer to be directly involved in an employee's rehabilitation." *Hatchett v. Philander Smith College*, 251 F.3d 670, 677 (5th Cir. 2001). "In short, . . . the FMLA protects an employee who must leave work, or reduce his or her work schedule, for medical reasons, as long as that employee can perform the job while at work," but an "employee is not entitled to restoration if, at the end of the FMLA leave period, the employee is still unable to perform an essential function of the job." *Id.*

Defendant provided undisputed evidence that Plaintiff was unable to perform the essential functions of his job at the end of his leave period. Therefore, Defendant was not obligated to restore Plaintiff to his previous position. Accordingly, the Court grants any FMLA claim that Plaintiff may have asserted based on Defendant's failure to restore him to his previous position.

### E.  *Conclusion*

For the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [51] as to Plaintiff's remaining FMLA claim. Accordingly, this case shall be closed, and the Court will enter a separate judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 19th day of February, 2013.

*s/ Keith Starrett*<br>UNITED STATES DISTRICT JUDGE